United States District Court
For the Northern District of California

1

2   IN THE UNITED STATES DISTRICT COURT

3   FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   SAN JOSE DIVISION

5

FILED

2012 MAY -8  P 2: 13



CV 12 2302

6   Case No. _____

7

8   **STANDING ORDER REGARDING**

9   **CASE MANAGEMENT IN CIVIL CASES**

10          This order sets forth requirements for initial case management in all civil matters assigned to

11   District Judges Ronald M. Whyte, Lucy H. Koh, and Edward J. Davila, and Magistrate Judges

12   Howard R. Lloyd and Paul S. Grewal.  All papers filed must include the case number of the action

13   followed by the initials of the assigned district judge or magistrate judge and, if applicable, the

14   initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

15          Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all

16   parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5.  Following service, plaintiff

17   shall file a certificate of service in accordance with Civil L.R. 5-6(a).

18          All disclosure or discovery disputes in cases assigned to district judges are referred to the

19   assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a).  Magistrate judges

20   themselves handle disclosure and discovery disputes in the cases assigned to them.

21          Before selecting a hearing date for a motion before any of the judges of the San Jose

22   Division, counsel must confer with opposing counsel to determine that the proposed hearing date

23   will not cause undue prejudice.

24          Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for

25   hearing on any Friday at 9:00 a.m.

26          Civil motions under Civil L.R. 7-2 in cases assigned to Judge Koh may be noticed for

27   hearing only after contacting Judge Koh's Courtroom Deputy, Martha Parker Brown, at

28   408-535-5346 and obtaining an available date.  Parties must file their notice of motion, motion,

1   memorandum of points and authorities, and proposed order the same day that the parties obtain a

2   hearing date from Ms. Parker Brown or the next business day.  Otherwise, parties must obtain a new

3   hearing date from Ms. Parker Brown.

4         Civil motions under Civil L.R. 7-2 in cases assigned to Judge Davila may be noticed for

5   hearing only after contacting Judge Davila's Courtroom Deputy, Elizabeth Garcia, at 408-535-5356.

6         Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be

7   noticed for hearing on any Tuesday at 10:00 a.m.

8         Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Grewal may be

9   noticed for hearing on any Tuesday at 2:00 p.m.

10        Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference

11  will be held on _____ at _____, at the United States

12  Courthouse, 280 South First Street, San Jose, California.  This conference may be continued only by

13  court order pursuant to Civil L.R. 16-2(e).   Parties may not stipulate to continue a Case Management

14  Conference without court approval.

15        Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall

16  confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P.

17  26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3-1 through 3-6.  A meaningful meet

18  and confer process prior to the Case Management Conference and good faith compliance with the

19  requirements of this Order are essential elements of effective case management.  Failure to meet and

20  confer, to be prepared for the Case Management Conference or to file a Joint Case Management

21  Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case

22  Management Conference.

23        In all "E-filing" cases when filing papers in connection with any motion for determination by

24  a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed

25  copy of the papers by the close of the next court day following the day the papers are filed

26  electronically.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the

27  Clerk's Office, in an envelope clearly marked with the Judge's name, case number and "E-filing

28                                              2

**United States District Court**
For the Northern District of California

1   Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that

2   has already been filed electronically.

3            IT IS SO ORDERED.

4   Dated: February 13, 2012

5

6                                                   Ronald M. Whyte
                                                    United States District Judge
7

8

9                                                   Lucy H. Koh
                                                    United States District Judge
10

11

12                                                  Edward J. Davila
                                                    United States District Judge
13

14

15                                                  Howard R. Lloyd
                                                    United States Magistrate Judge
16

17

18                                                  Paul S. Grewal
                                                    United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28   SAN JOSE DIVISION
     STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

STANDING ORDER RE PRETRIAL
PREPARATION

## I. REQUIREMENTS PRIOR TO THE PRETRIAL CONFERENCE

Prior to the pretrial conference, counsel (or parties appearing *pro se*) shall comply in all respects with the following requirements:

**(A) Required Meet and Confer Prior to Pretrial Conference.**

At least twenty (20) days before the Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to:

(1) preparation and content of the joint pretrial conference statement;

(2) preparation, exchange and lodging of pretrial materials discussed in this order; and

(3) settlement of the action.

**(B) Pretrial Conference Statement.**

Unless otherwise ordered, not less than fourteen (14) days prior to the Pretrial Conference, the parties shall file a joint pretrial conference statement containing the following

STANDING ORDER RE PRETRIAL PREPARATION
(JFLC2)

1 information:

2     (1) The Action.

3         (a) Substance of the Action. A brief description of the substance of the issues that
4         remain to be decided.

5         (b) Relief Sought. For civil actions, a detailed statement of all the relief sought,
6         particularly itemizing all elements of damages claimed as well as witnesses,
7         documents or other evidentiary material to be presented concerning the amount of
8         such damages.

9     (2) The Factual Basis of the Action.

10         (a) Undisputed Facts. A plain and concise statement of all relevant facts not
11         reasonably disputable, as well as facts to which parties will stipulate for
12         incorporation into the trial record without the necessity of supporting testimony or
13         exhibits.

14         (b) Disputed Factual Issues. A plain and concise statement of all disputed factual
15         issues that remain to be decided.

16         (c) Agreed Statement. A statement assessing whether all or part of the action may
17         be presented upon an agreed statement of facts.

18         (d) Stipulations. A statement of stipulations requested or proposed for pretrial or
19         trial purposes.

20     (3) Disputed Legal Issues.

21         (a) Points of Law. Without extended legal argument, a concise statement of each
22         disputed point of law concerning liability or relief, citing supporting statutes and
23         decisions. Unless otherwise ordered, parties should cite to briefs served and
24         lodged with the Court setting forth briefly the nature of each party's contentions
25         concerning each disputed point of law, including procedural and evidentiary
26         issues.

27         (b) Proposed Conclusions of Law. If the case is to be tried without a jury, unless
28         otherwise ordered, parties should provide proposed conclusions of law.

2

STANDING ORDER RE PRETRIAL PREPARATION
(JFLC2)

(C) **Trial Preparation.**

(1) Witnesses to be Called. A list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

(2) Exhibits, Schedules and Summaries. A list of all documents and other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal, with a brief statement following each, describing its substance or purpose and the identity of the sponsoring witness. Unless otherwise ordered, parties should indicate any objections to the receipt in evidence of exhibits and materials lodged with the Court and that counsel have conferred with respect to such objections. Three sets of premarked, joint exhibits, numbered consecutively starting with number one (1), shall be delivered to the Courtroom Deputy Clerk on or before the date of the Pretrial Conference. (In cases involving a large number of exhibits, exhibits should be placed in binders).

(3) Unless otherwise ordered, if the trial is to be a jury trial, proposed jury instructions, and proposed content of a jury questionnaire and proposed voir dire questions should be submitted to the Court not later than ten (10) days prior to trial. If the parties cannot agree as to these materials, counsel shall state that they have met and conferred for the purpose of resolving their differences.

(4) Estimate of Trial Time. An estimate of the number of court hours in fractions thereof for the direct examination and cross-examination of each witness identified in the witness list submitted.

(5) Use of Discovery Responses. A statement as to any intended use, other than solely for impeachment or rebuttal, of excerpts from depositions, interrogatory answers, or responses to requests for admission. Counsel shall indicate any objections to use of such materials and that they have conferred with respect to such objections.

(6) Further Discovery and Motions *In Limine*. A statement of all remaining discovery or any motions *in limine* shall be filed not later than seven (7) days prior to the Pretrial Conference.

3

**(D) Trial Alternatives and Options.**

(1) Settlement. Without revealing the substance of the parties' settlement positions, a statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(2) Consent to Trial Before a Magistrate Judge. A statement as to whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(3) Amendments and Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

## II. AGENDA FOR THE PRETRIAL CONFERENCE

At the pretrial conference, the Court will:

(1) Set a schedule for the receipt of opposition to and determination of any contested motions *in limine* or other pretrial motions;

(2) Allocate a fixed number of hours to each side for the direct examination and cross-examination of witnesses;

(3) Set specific dates and times when the trial will be in session;[1]

(4) For jury trials, determine the number of prospective jurors to be summoned, the number of jurors to be seated and whether a jury questionnaire will be used to assist in jury selection;

(5) Consider any other trial management matter which is likely to promote fair and efficient resolution of the case.

DATED: 1/19/2010

JEREMY FOGEL
United States District Judge

---

[1] Jury selection normally commences at 1:30 p.m. on the Friday on which the trial is set. The Court normally conducts trials between 9:00 a.m. and 4:30 p.m. on Monday, Tuesday and Thursday, and between 10:00 a.m. and 4:30 p.m. on Wednesday.

4

STANDING ORDER RE PRETRIAL PREPARATION
(JFLC2)

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: Steps taken to preserve evidence relevant to the issue reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically recorded material.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011* (Last Revised May 8, 2012)

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes    ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

2

*Effective date: July 1, 2011 (Last Revised May 8, 2012)*