UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and SCOTT J. McKAGAN, Revenue Officer,<br><br>           Petitioners,<br>     v.<br>PHUC LE,<br><br>           Respondent. | Case No.: 12-CV-02302-LHK<br><br>ORDER GRANTING VERIFIED PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |

This matter is before the Court on an Order to Show Cause why Respondent Phuc Le should not be ordered to comply with the summons issued by the Internal Revenue Service (IRS). Respondent failed to respond to the Court's Order to Show Cause and did not appear at the hearing held on August 9, 2012. Having considered the instant Verified Petition and the relevant legal authority, the Court GRANTS Petitioner's Verified Petition to enforce the IRS summons issued to Respondent.

The IRS may issue a summons for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." 26 U.S.C. § 7602(a). In order to enforce a summons, the government must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information not already in the IRS's possession; and (4) was issued in compliance with all the administrative steps required by

1

the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999). The government's burden is slight and may be satisfied by a declaration by the investigating agent that the *Powell* requirements have been met. *Crystal*, 172 F.3d at 1144. Once the government has met its burden under *Powell*, the party opposing enforcement bears the "heavy" burden of "disprov[ing] the actual existence of a valid civil tax determination or collection purpose by the Service." *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (quoting *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978)). In order to successfully challenge an IRS summons, the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose on the part of the IRS. *Jose*, 131 F.3d at 1328.

Here, Petitioners have satisfied the requirements set forth in *Powell*. First, the Verified Petition indicates that the summons was issued for the legitimate purpose of attempting to obtain records needed to conduct an investigation into the collection of Respondent's tax liability for the Trust Fund Recovery Penalty, 26 U.S.C. § 6672, for the quarterly tax periods ending March 31, 2010; June 30, 2010; and June 30, 2011. Pet. ¶ 3. Second, the summons seeks records, paper, and other data regarding income and other matters covered by Petitioner's inquiry under 26 U.S.C. § 6672 that are relevant to and can reasonably be expected to assist in the ascertainment or collection of Respondent's tax liabilities. Pet. ¶¶ 5, 7. Third, the Verified Petition declares that Petitioners do not otherwise have access, possession, or control of this information. Pet. ¶ 5. Finally, the Verified Petition states that all administrative steps required by the Internal Revenue Code for issuance of the summons have been taken, and there has been no referral to the Department of Justice for criminal prosecution of the matters described in the summons. Pet. ¶¶ 11-12.

The Petition and attached certificate of service indicate that Respondent was served with the summons on December 12, 2011, at his last and usual place of abode. Pet. ¶¶ 4, 6, Ex. A. After Respondent failed to appear at the time and place designated in the summons, Petitioners provided him with a second opportunity to comply. Pet. ¶¶ 8-9. Respondent did not appear at the second appointment and has not complied with the summons. Pet. ¶ 10.

2
Case No.: 12-CV-02302-LHK
ORDER GRANTING VERIFIED PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

On May 8, 2012, Petitioners filed a Verified Petition to Enforce Internal Revenue Service Summons. ECF No. 1. The Court issued an Order to Show Cause on May 14, 2012. ECF No. 5. Petitioners served Respondent with the Court's Order to Show Cause on July 5, 2012. Decl. of Adelina Foster, ECF No. 8. To date, Respondent has failed to respond with any arguments or allegations as to why the summons should not be enforced.

Accordingly, the Court GRANTS Petitioners' Verified Petition to Enforce IRS Summons. The Court ORDERS Respondent Phuc Le to appear before Revenue Officer Adelina Foster, or any other designated agent, **on or before August 30, 2012**, at the Offices of the Internal Revenue Service located at **55 South Market Street, San Jose, CA 95113,** to provide testimony and produce the documents and records requested by Petitioners. Failure to comply with this Order may be grounds for a finding of contempt. *See United States v. Ayres*, 166 F.3d 991, 994-96 (9th Cir. 1999) (affirming finding of contempt where party failed to comply with court order directing him to provide testimony and to produce records to the IRS).

Petitioners shall serve this Order and a copy of the IRS summons on Respondent in accordance with Federal Rule of Civil Procedure 4 and file proof of service with the Court.

**IT IS SO ORDERED.**

Dated: August 9, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 12-CV-02302-LHK
ORDER GRANTING VERIFIED PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS